The Honorable Mark L. Pryor State Representative 2200 Worthen Bank Building 200 West Capitol Avenue Little Rock, AR 72201-3699
Dear Representative Pryor:
This is in response to your request for an opinion on the following question:
 Are there any state constitutional or statutory provisions that would prohibit an Arkansas city or county from enacting environmental regulations, ordinances, and the like (such as the ones enclosed) relating to the incineration or other disposal of medical waste?
The answer to this question will, in my opinion, depend upon the specific provisions of any proposed regulation or ordinance, as well as the resolution of issues surrounding the definition of "medical waste" under Arkansas law. Although an appeal has been filed that may ultimately result in a court decision offering guidance as to the status of "medical waste" in Arkansas (seeBryant v. Mathis, et al, Pulaski Co. Chancery Ct. No. 91-5025) we do not currently have the benefit of clear statutory or case law authority in this regard. Consistent with this office's policy concerning matters in litigation, I cannot offer an official opinion at this time as to which Arkansas environmental law(s), if any, apply to medical waste. And the resolution of that issue must, in my opinion, be the starting point of any discussion involving the parameters of local legislative authority in this area. A general review of the issues may, however, prove helpful, with the understanding that clarification and resolution remains with the courts and/or the legislature.
As an initial matter, it should be noted that there is no precise Arkansas constitutional or statutory prohibition against the exercise of local legislative authority relating to the disposal of medical waste. The various Arkansas environmental laws, codified at Title 8 of the Arkansas Code, must, however, be considered. Depending upon the status of "medical waste," several provisions in this body of law may, in effect, operate to either authorize or limit local legislation. For instance, the Arkansas Solid Waste Management Act states that municipalities and counties may "establish policies for and enact laws concerning all phases of the operation of a solid waste management system" so long as the policies and laws are not inconsistent with any rules, regulations or orders of the Arkansas Pollution Control and Ecology Commission ("Commission") (see A.C.A. §§ 8-6-211 and -212 (Cum. Supp. 1991)). Another section of the Solid Waste Management Act vests cities and counties with authority to "adopt standards for the location, design, construction, and maintenance of solid waste disposal sites and facilities that are more restrictive than those adopted by the Arkansas Pollution Control and Ecology Commission under the provisions of this subchapter." A.C.A. § 8-6-209. Issues surrounding this provision in connection with the location of a landfill were recently addressed by the Arkansas Supreme Court in the case of County of Washington, etal. v. Sunray Services, Inc., Ark. S.Ct. No. 90-329 (September 23, 1991). The court concluded that local governments are not precluded, under the law pertaining to regional solid waste management boards and districts (Act 870 of 1989, as amended by Act 752 of 1991), from adopting additional landfill standards.Id. at 15.
Thus, if medical waste constitutes "solid waste," it appears that cities and counties may exercise local legislative authority relating to its disposal.[1] This could presumably include regulations of the type included in the Hall County, Georgia resolution that was attached to your request, with the exceptions noted herein (particularly with regard to air pollution control).
The express preemption under the Arkansas Water and Air Pollution Control Act must, however, also be recognized. A.C.A. § 8-4-306. This Code section provides as follows:
 In order to avoid conflicting and overlapping jurisdiction, it is the intention of this chapter to occupy, by preemption, the field of control and abatement of air pollution and contamination; and no political subdivision of this state shall enact or enforce laws, ordinances, resolutions, rules, or regulations in this field.
Thus, legislation such as the Hall County, Georgia Solid Waste Incinerator Ordinance would, in my opinion, fail to withstand scrutiny insofar as it purports to regulate and control emissions from incinerator facilities.[2] It is clear that cities and counties in Arkansas cannot attempt to regulate the control and abatement of air pollution.
The preemption issue also arises if it is determined that medical waste constitutes "hazardous waste" under Arkansas law. At least one trial court in Arkansas has held that the Arkansas Hazardous Waste Management Act (A.C.A. § 8-7-201 et seq.) overrides the Solid Waste Management Act and "explicitly withdraws the field of `hazardous waste management' from the legal purview of the Solid Waste Act." Arkansas Dept. of Pollution Contl and Ecology v.City of Jacksonville, Pulaski Co. Cir. Ct. No. 90-4829 (April, 1991), at 4 (currently on appeal to the Arkansas Supreme Court). The court also based its decision on a theory of implied preemption, concluding that because of the pervasive state and federal regulation in the field of hazardous waste, "local governments are simply not invited to legislate regarding the remediation of hazardous waste sites. . . ." Id. at 3.
Although this case does not as of yet provide state-wide precedence on the issue, it at least suggests a foreseeable approach to hazardous waste management issues that must be recognized. The Indiana ordinance that was included in material attached to your request in all likelihood does not offer a viable model for local legislation in Arkansas.[3]
In conclusion, therefore, it is my opinion that issues surrounding the exercise of local legislative authority in Arkansas relating to the disposal of medical waste depend largely upon identification of the applicable state environmental laws. Because the term "medical waste" is not separately defined under these laws, regulatory authority must be inferred from existing definitions. Local legislative authority in this area may, in my opinion, reasonably be premised upon the assertion that medical waste falls within current environmental laws pertaining to solid waste. The question may, however, ultimately require clarification through judicial or legislative action.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The U.S. Court of Appeals for the Eighth Circuit noted inL H Sanitation v. Lake City Sanitation, 769 F.2d 517, 522
(1985) that "[r]egulation of solid waste management is one of the traditional public health functions of local government. . . ."
[2] Counties and cities in Georgia are given specific authority under that state's constitution to regulate air quality control. Ga. Const. art. 9, § 2.
[3] According to the ordinance, Indiana law allows local governments to regulate the disposal of hazardous waste. Monroe County, Indiana Amended Ord. 91-13.